# ORIGINAL

FILED
HARRISBURG, PA
AUG 21 2001
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD MARTIN :
:
    Plaintiff :
:
v. : NO. 1:CV-01-1111
:
GUARDIAN LIFE INSURANCE :
COMPANY OF AMERICA and : (Hon. Yvette Kane)
FAIRVIEW TOWNSHIP :
:
    Defendants :

## FAIRVIEW TOWNSHIP'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Fairview Township, and files this Answer and Affirmative Defenses, stating as follows:

1. The allegations of this Paragraph are legal conclusions to which no response is required.

2. Admitted on information and belief.

3. Admitted on information and belief.

4. Admitted except that Fairview Township's street number is 599 not 509.

398422.1

5. The allegations of this Paragraph are legal conclusions to which no response is required.

6. The allegations of this Paragraph are legal conclusions to which no response is required.

7. The allegations of this Paragraph are legal conclusions to which no response is required.

8. The allegations of this Paragraph are legal conclusions to which no response is required.

9. The allegations of this Paragraph are legal conclusions to which no response is required.

10. The allegations of this Paragraph are legal conclusions to which no response is required.

11. It is admitted that Plaintiff was employed with Fairview Township starting in February of 1997. The remaining allegations of this Paragraph are denied.

12. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, it is admitted that Plaintiff applied for benefits under the Plan but it is denied that on or about June 27, 2000, Plaintiff became "disabled" within the meaning of the Plan.

13. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, it is admitted that Defendant Guardian Life Insurance Company of America ("Guardian") rendered a decision denying Plaintiff's claim for disability benefits. It is denied that Guardian's decision was arbitrary and capricious. Additionally, Fairview Township had no role in rendering this decision.

14. It is admitted that Plaintiff appealed Guardian's decision to deny benefits. The remaining allegations of this Paragraph are denied.

15. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, it is admitted that Guardian denied Plaintiff's appeal. It is denied that Guardian's decision was arbitrary and capricious. Additionally, Fairview Township had no role in rendering this decision.

16. Fairview Township is without sufficient information to determine the truth or falsity of the allegations of this Paragraph and denies the same.

17. Fairview Township is without sufficient information to determine the truth or falsity of the allegations of this Paragraph and denies the same.

18. Fairview Township is without sufficient information to determine the truth or falsity of the allegations of this Paragraph and denies the same.

19. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, the allegations of this Paragraph are denied.

20. The allegations of this Paragraph are legal conclusions to which no response is required.

## COUNT I – RECOVERY OF BENEFITS

21. Paragraphs 1 through 20 above are incorporated herein by reference.

22. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, the allegations of this Paragraph are denied.

23. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, the allegations of this Paragraph are denied.

24. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, the allegations of this Paragraph are denied.

WHEREFORE, Defendant Fairview Township requests that Plaintiff's claim be dismissed and that Fairview Township be awarded its costs of defense, including reasonable attorneys' fees, and any other relief that this Court deems appropriate.

## COUNT II – BREACH OF FIDUCIARY DUTY

25. Paragraphs 1 through 24 above are incorporated herein by reference.

26. The allegations of this Paragraph are legal conclusions to which no response is required. To the extent that an answer is deemed appropriate, the allegations of this Paragraph are denied.

WHEREFORE, Defendant Fairview Township requests that Plaintiff's claim be dismissed and that Fairview Township be awarded its costs of defense, including reasonable attorneys' fees, and any other relief that this Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Fairview Township played no role in deciding whether to grant or deny Plaintiff's claim for disability benefits and subsequent appeal.

## THIRD AFFIRMATIVE DEFENSE

Fairview Township has no fiduciary authority or responsibility with respect to the benefit claim at issue in this matter.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name an indispensable party to this action.

### FIFTH AFFIRMATIVE DEFENSE

Guardian's decision to deny benefits was not arbitrary and capricious.

### SIXTH AFFIRMATIVE DEFENSE

Fairview Township is not a proper party to this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not totally disabled pursuant to the terms of the Plan.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover future Plan benefits.

Respectfully submitted,

RHOADS & SINON LLP

By: _____
Drake D. Nicholas
Timothy J. Nieman
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Defendant Fairview Township

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2001, a true and correct copy of the foregoing document was sent via first class, postage prepaid, to the following:

Michael J. Butler, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109

Ira H. Weinstock, P.C.
800 North Second Street
Harrisburg, PA  17102

Dara D. Boozel