ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Richard Martin, :
:
    Plaintiff, :
: Civil Action
  v. :
: No. 1:CV-01-1111
The Guardian Life Insurance :
  Company of America : (Hon. Yvette Kane)
  and :
Fairview Township, :
:
    Defendants. :

FILED
HARRISBURG, PA
AUG 22 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## GUARDIAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, defendant The Guardian Life Insurance Company of America ("Guardian") answers the Complaint of plaintiff Richard Martin ("Martin") as follows:

1. The averments of paragraph 1 of the Complaint constitute conclusions of law to which no responsive pleading is required.

2. Guardian admits the averments of paragraph 2 of the Complaint.

3. Guardian admits the averments of paragraph 3 of the Complaint, except that Guardian's correct corporate name is "The Guardian Life Insurance Company of America."

4. Guardian admits the averments of paragraph 4 of the Complaint, except that defendant Fairview Township's correct street address is "599 Lewisberry Road."

5. It is admitted only that Fairview Township purchased Guardian Group Insurance Plan No. G-302572 (the "Guardian Plan" or "Plan"). The remaining averments of paragraph 5 of the Complaint constitute conclusions of law to which no responsive pleading is required.

6. The averments of paragraph 6 of the Complaint constitute conclusions of law to which no responsive pleading is required.

7. The averments of paragraph 7 of the Complaint constitute conclusions of law to which no responsive pleading is required.

8. The averments of paragraph 8 of the Complaint constitute conclusions of law to which no responsive pleading is required.

9. The averments of paragraph 9 of the Complaint constitute conclusions of law to which no responsive pleading is required.

10. The averments of paragraph 10 of the Complaint constitute conclusions of law to which no responsive pleading is required.

11. It is admitted only that Martin was employed by Fairview Township on or about February 24, 1997. Guardian is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 11 of the Complaint.

12. It is admitted only that Martin applied for benefits under the Guardian Plan. It is denied that Martin became "disabled" within the meaning of the Guardian Plan on or about June 27, 2000 or at any other time relevant hereto.

13. It is admitted only that Guardian denied Martin's application or claim for disability benefits on or about October 11, 2000. It is denied that Guardian's decision to deny benefits was arbitrary or capricious.

14. Guardian admits the averments of paragraph 14 of the Complaint.

15. It is admitted only that Guardian denied Martin's appeal of the October 11, 2000 decision by Guardian to deny Martin's application or claim for disability benefits. Guardian denies the remaining averments of paragraph 15 of the Complaint.

16. Guardian denies the averments of paragraph 16 of the Complaint.

17. Guardian denies the averments of paragraph 17 of the Complaint.

18. Guardian denies the averments of paragraph 18 of the Complaint.

19. Guardian denies the averments of paragraph 19 of the Complaint.

20. The averments of paragraph 20 of the Complaint constitute conclusions of law to which no responsive pleading is required.

### Count One -- Recovery of Benefits

21. Guardian incorporates by reference its responses to the averments of paragraph 1 through 20 of the Complaint as if fully set forth herein at length.

22. Guardian denies the averments of paragraph 22 of the Complaint.

23. Guardian denies the averments of paragraph 23 of the Complaint.

24. Guardian denies the averments of paragraph 24 of the Complaint.

WHEREFORE, Guardian respectfully requests that the Court enter judgment in its favor and against Martin, dismissing his Complaint and all purported counts, claims, and causes of action set forth therein, with prejudice, and award it costs and expenses, including attorney's fees, and any other relief that the Court deems appropriate.

-3-

### Count Two -- Breach of Fiduciary Duty

25. Guardian incorporates by reference its responses to the averments of paragraph 1 through 24 of the Complaint as if fully set forth herein at length.

26. Guardian denies the averments of paragraph 26 of the Complaint.

WHEREFORE, Guardian respectfully requests that the Court enter judgment in its favor and against Martin, dismissing his Complaint and all purported counts, claims, and causes of action set forth therein, with prejudice, and award it costs and expenses, including attorney's fees, and any other relief that the Court deems appropriate.

### Affirmative Defenses

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Guardian sets forth the following affirmative defenses and other matter constituting an avoidance:

27. The Complaint fails to state a claim upon which relief can be granted against Guardian.

28. The Guardian Plan defines total disability as meaning "an employee is totally unable to perform all of the material duties of his regular occupation due to sickness or injury" from "the start of a continuous disability through the first 24 months."

29. At all times relevant hereto, Martin has not been totally disabled under the terms of the Guardian Plan.

30. More specifically, Martin's claimed disability is specific or limited to his job at Fairview Township, and that he is capable of performing all of the material duties of his regular occupation for a different employer.

31. In other words, the medical evidence submitted by Martin to Guardian does not establish his complete inability to function in his "regular occupation" as a superintendent or chief operator of any wastewater treatment facility other than Fairview Township's wastewater treatment facility.

32. Under the Plan, Guardian is the claims fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the Plan with respect to claims.

33. A claims fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of a plan with respect to claims (like Guardian here) that is determining eligibility for benefits and construing the terms of a plan with an "own occupation" definition of "total disability" (like the Guardian Plan here) does not abuse its discretion by denying benefits to an insured with claimed psychological or physical impairments that prevent him or her from working only with his or her prior employer.

34. Guardian's decision to deny Martin's claim (and appeal) for total disability benefits was not arbitrary and capricious.

35.    If and to the extent alleged in the Complaint, Martin cannot recover Plan benefits accruing in the future as a matter of law.

WHEREFORE, Guardian respectfully requests that the Court enter judgment in its favor and against Martin, dismissing his Complaint and all purported counts, claims, and causes of action set forth therein, with prejudice, and award it costs and expenses, including attorney's fees, and any other relief that the Court deems appropriate.

Date:  August 21, 2001

*(signature)*

Michael J. Butler
(Penna. Attorney I.D. No. 81799)
**Montgomery, McCracken,
 Walker & Rhoads**
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

Attorneys for Defendant
The Guardian Life Insurance
 Company of America

*Of Counsel*:

Steven Maniloff
**Montgomery, McCracken,
 Walker & Rhoads, LLP**
123 South Broad Street
Philadelphia, PA  19109
(215) 772-7512

## CERTIFICATE OF SERVICE

I, Michael J. Butler, counsel for defendant The Guardian Life Insurance Company of America in this action, hereby certify that I caused a copy of Guardian's Answer and Affirmative Defenses to Plaintiff's Complaint to be served by United States mail upon the persons, at the addresses, and on the date that appear below:

Ira H. Weinstock, Esq.
Ira H. Weinstock,, P.C.
800 N. Second Street, Suite 100
Harrisburg, PA  17102
(717) 238-1657

**Attorney for Plaintiff**
**Richard E. Martin, Jr.**

Drake D. Nicholas, Esq.
Rhoads & Sinon LLP
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA  17108-1146
(717) 233-5731

**Attorney for Defendant**
**Fairview Township**

Date: August 21, 2001

Michael J. Butler

*Of Counsel*:

Steven Maniloff
**Montgomery, McCracken,**
 **Walker & Rhoads, LLP**
123 South Broad Street
Philadelphia, PA  19109
(215) 772-7512